ORIGINAL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
~~SOUTHERN DIVISION~~ AT LOUISVILLE

| | |
|---|---|
| LISA G. THOMPSON<br>3349 EASTSIDE DRIVE<br>LOUISVILLE, KENTUCKY 40218<br><br>Plaintiff,<br><br>v.<br><br>LAW SCHOOL ADMISSION<br>COUNCIL, INC.<br>662 PENN STREET<br>NEWTOWN, PENNSYLVANIA 18940<br><br>AND<br><br>UNIVERSITY OF LOUISVILLE<br>LOUIS D. BRANDEIS SCHOOL OF LAW<br>LOUISVILLE, KENTUCKY 40292<br><br>Defendants. | Case No.: 3:09-cv-494-S<br><br><br><br><br><br>**COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Lisa G. Thompson, by and through undersigned counsel, and respectfully states her Complaint against the Defendants Law School Admission Council and the University of Louisville, Louis D. Brandeis School of Law as follows:

### I. JURISDICTION AND VENUE

1. This federal district court has jurisdiction over the claims based upon violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et. seq. Title III of the Americans with

1

Disabilities Act, 42 U.S.C. §§ 12101, et.seq. prohibits discrimination against persons with disabilities in professional examinations. 42 U.S.C. § 12189. The Department of Justice regulations provide that an examination covered by this section be selected and administered to accurately reflect the individual's aptitude or achievement level, rather than his impairment. Plaintiff Lisa Gaile Thompson further brings claims for civil rights violations under the Kentucky Civil Rights Act, (hereinafter KCRA), specifically under KRS 344.130.

2. This Court has jurisdiction of this action pursuant to 28 U.S.C.§§ 1343(3) and 1343(4); 42 U.S.C. § 2000e-5(f); and 28 U.S.C. § 1331. The willful and wrongful conduct giving rise to this cause action occurred within this district and venue is properly invoked with this Court under 28 U.S.C. § 1391. The supplemental jurisdiction of this Court is invoked in accordance with 28 U.S.C. §1367, over the state law claims stated herein. The applicable statute of limitations for this action is governed by KRS 413.120(2) and/or KRS 413.120(7), which provide for a five year statute of limitations.

3. Defendant Law School Admission Council, Inc. is liable for damages due to past discrimination and denials of reasonable accommodations to Plaintiff Lisa G. Thompson. Defendant University of Louisville Louis B. Brandeis School of Law is liable for damages due to the past discrimination and denials of reasonable accommodations to Plaintiff Lisa G. Thompson.

## II.     THE PARTIES

4. Plaintiff Lisa G. Thompson is a resident of Louisville, Jefferson County, Kentucky who applied for reasonable accommodations during the administration of the Law School Admission Test ( hereinafter the "LSAT").

5. Defendant Law School Admission Council (hereinafter "LSAC") is the administrator of the Law School Admission Test. Defendant LSAC is an entity covered by the Title III of the Americans with Disabilities Act, which failed to make reasonable accommodations for Ms. Thompson a number of times during 2004 and 2005, as required by 42 U.S.C. § 12112(b)(5)(A).

6. Defendant University of Louisville Louis D. Brandeis School of Law is an accredited law school which is an entity covered by Title III of the Americans with Disabilities Act, which failed to make reasonable accommodations for Ms. Thompson a number of times during 2004 and 2005, as required by 42 U.S.C. § 12112(b)(5)(A).

7. Defendant University of Louisville Louis D. Brandeis School of Law acting through its Office of Admissions, were deliberately indifferent and continue to be so, by failing to provide reasonable accommodations for Ms. Thompson. Defendant University of Louisville Louis D. Brandeis School of Law

### III. ADMINISTRATIVE PROCEEDINGS

8. Plaintiff Lisa Gaile Thompson, through her counsel Michael L. Boylan, submitted a written complaint against the Law School Admission Council on or about September 20, 2006. To the best of Plaintiff's knowledge information and belief, no substantive action was taken as a result of this complaint.

### IV. ALLEGATIONS OF FACT

9. Plaintiff Lisa Gaile Thompson had suffered from a number of physical disabilities, involving her back which had resulted in her acceptance into the Kentucky State Vocational Rehabilitation Program during February of 1997.

10. Subsequently, Ms. Thompson enrolled in the University of Louisville undergraduate program and transferred some junior college credits. Ms. Thompson received accommodation from the University of Louisville Disability Resource Center for testing and seating in classrooms.

11. During February, 2000, Ms. Thompson was diagnosed with renal failure and received the same accommodation for undergraduate testing and classroom seating.

12. During September, 2000, Plaintiff Lisa Gaile Thompson became a full-time employee for the Cabinet for Families and Children as a Case Worker for the Commonwealth of Kentucky. During January, 2001, Ms. Thompson was hospitalized and resumed dialysis treatments. Ms. Thompson continued through her undergraduate course work requiring treatments and repeated hospitalizations.

13. Ms. Thompson graduated from the undergraduate program during the Spring, 2003 with a B.S. in Sociology and A.A. Paralegal.

14. During February, 2003, Ms. Thompson attempted the LSAT at the University of Louisville. At that time, no request for an accommodation was made. During 2003, Ms. Thompson applied to the Brandeis School of Law and requested that the application be placed on hold. Ms. Thompson enrolled in a graduate program as an English major.

15. In September, 2003, Ms. Thompson's mother, Edna Lee died. Ms. Thompson continued for a period of time with her graduate courses; during the Spring of 2004, Ms. Thompson unenrolled in the graduate courses.

16. Subsequently, Ms. Thompson was diagnosed with post-traumatic stress disorder and depression. During the Summer of 2004, Ms. Thompson was advised that she was denied admission to law school because of her LSAT score and her GPA.

17. Ms. Thompson was advised to re-take the exam and attempt to obtain a higher LSAT score. During August, 2004, Ms. Thompson was diagnosed with a loss of vision in her left eye.

18. Ms. Thompson applied to take the LSAT during February, 2005 with a request for accommodations which was denied. Defendant LSAC asserted that Ms. Thompson was not disabled because she was not legally blind.

19. During 2005 and 2006, Ms. Thompson was refused testing accommodations four to six times. These denials caused damages to Ms. Thompson and have delayed her ability to enter law school. Further, Defendant University of Louisville Louis B. Brandeis School of Law is an entity covered under Title III of the Americans with Disabilities Act and failed to provide Ms. Thompson with reasonable accommodations for testing during 2005 and 2006.

20. Plaintiff Lisa Gaile Thompson has not been admitted to the Defendant University of Louisville Louis B. Brandeis School of Law, even as recently as May 5, 2008.

21. Defendants LSAC and University of Louisville have failed to accommodate Ms. Thompson, which has caused her damages, has delayed her ability to enter and complete law school, for which Plaintiff demands compensatory damages in excess of seventy-five thousand ($75,000.00) dollars.

### FIRST CLAIM: ADA DISCRIMINATION
[Violations of 42 U.S.C. §§ 12101, et.seq.]

22. Plaintiff Lisa Gaile Thompson hereby restates and realleges the allegations contained in Paragraphs One through Twenty-one, with the same force and effect, as if fully rewritten herein.

23. Plaintiff Lisa Gaile Thompson is a "qualified individual with a disability" as that term is defined by the ADA. As such, she is entitled to a reasonable accommodation for the professional examination testing, such as the Law School Admissions Test.

24. Plaintiff Lisa Gaile Thompson has properly requested reasonable accommodations for her LSAT testing during the years of 2005 and 2006.

25. As of June 30, 2008, the Defendant LSAC changed its decision and allowed for reasonable accommodations for Ms. Thompson. Defendant LSAC is liable to Plaintiff Lisa Gaile Thompson for damages due to the unjustified denial of accommodations during 2005 and 2006.

## SECOND CLAIM: VIOLATION OF CIVIL RIGHTS
**[Action under KRS 344.130]**

26. Plaintiff Lisa Gaile Thompson hereby realleges and incorporates by reference the allegations contained in Paragraphs One through Twenty-five, with the same force and effect, as if fully rewritten herein.

27. Plaintiff Lisa Gaile Thompson hereby alleges that the actions of Defendants LSAC and Defendant University of Louisville School of Law in repeatedly denying reasonable accommodations to the Plaintiff for the taking of the LSAT constituted violations of the civil rights of the Plaintiff.

28. As a direct and proximate result of the deliberate and/or intentional and/or reckless misconduct of the Defendants, Plaintiff Lisa Gaile Thompson has incurred damages due to the delay in her entrance into law school, the ongoing mental anxiety and emotional distress regarding the delay in her admission into law school.

29. As a direct and proximate result of the discriminatory practices of the Defendants, Plaintiff Lisa Gaile Thompson has incurred compensatory damages in excess of seventy-five thousand ($75, 000.00) dollars according to proof at trial.

30. As a direct and proximate result of the willful, wanton and reckless disregard for the civil rights of the Plaintiff by the Defendants, Plaintiff is entitled to an award of punitive damages in excess of seventy-five thousand ($75,000.00) dollars according to proof at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiff Lisa Gaile Thompson hereby demands the following relief against the Defendants Law School Admission Council and the University of Louisville Louis B. Brandeis School of Law, jointly and severally, as follows:

I. Judgment be entered for Plaintiff against the Defendant for all damages due Plaintiff Lisa Gaile Thompson as a result of the Defendants' discrimination against her; that such practices by the Defendants be declared unlawful; that the Defendant be found to have engaged in willful discrimination based on disability in violation of the Plaintiff's state and federal civil rights, the Americans with Disabilities Act, and that Defendant be enjoined from further acts or practices of discrimination.

II. Judgment be entered for Plaintiff against the Defendants for compensatory damages in excess of seventy-five thousand ($75,000.00) dollars according to proof at trial.

III. Judgment be entered for Plaintiff for punitive or exemplary damages in excess of seventy-five thousand ($75,000.00) dollars sufficient to deter such misconduct by the Defendants in the future.

7

IV. Judgment be entered against the Defendants for Plaintiff's attorney's fees and the costs and expenses incurred herein;

V. That the Court award the Plaintiff such further additional relief, legal or equitable, as the Court may deem just and proper.

Respectfully Submitted,

*/s/ Geoffrey P. Damon*

Geoffrey P. Damon, Esq.
BUTKOVICH & CROSTHWAITE CO., LPA
Trial Attorney for Plaintiff
Ohio S. Ct. Reg. No. 0029397
125 East Court Street, Suite 800
Cincinnati, Ohio 45202
(513) 621-1414
(513) 651-1555 (FAX)
gdamon@butkovichlaw.com

## JURY DEMAND

Plaintiff Lisa Gaile Thompson hereby demands a Trial by Jury in accordance with the Federal Rules of Civil Procedure.

*/s/ Geoffrey P. Damon*

Geoffrey P. Damon, Esq.
BUTKOVICH & CROSTHWAITE CO., LPA
Trial Attorney for Plaintiff
Ohio S. Ct. Reg. No. 0029397
125 East Court Street, Suite 800
Cincinnati, Ohio 45202
(513) 621-1414
(513) 651-1555 (FAX)
gdamon@butkovichlaw.com